# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

IN RE:

Gary A. Washington and
Michele A. Washington,

Debtors.

C/A No. 09-08248-DD

Chapter 11

**ORDER DISMISSING CASE**

THIS MATTER is before the Court on the United States Trustee's ("UST") Motion to Dismiss ("Motion") under 11 U.S.C. § 1112.[1] UST filed its Motion on August 4, 2010, and Debtors Gary A. Washington and Michele A. Washington ("Debtors") filed an Objection to the Motion on September 3, 2010. The Court heard the matter on September 14, 2010. Pursuant to Federal Rule of Civil Procedure 52, which is made applicable to this matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c), the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

Debtors filed a voluntary petition for chapter 11 relief on November 2, 2009. Debtors filed a chapter 11 plan and disclosure statement on April 30, 2010, and several creditors objected to Debtors' plan. Approval of the disclosure statement was denied August 3, 2010. Debtors filed an amended plan and disclosure statement on September 13, 2010, shortly before the hearing on UST's Motion. At the time of the September 14 hearing, Debtors were current with monthly operating report filings and quarterly fee payments.

Debtors are individuals who own interests in several businesses, including Carolina Procurement Institute, Inc. ("CPI") and Carolina Encouragement Center, a non-profit corporation. Additionally, Debtors own and manage a number of residential and commercial

---

[1]  Hereinafter internal references to the Bankruptcy Code (11 U.S.C. § 101 et. seq.) shall be made by section number only.

rental properties. Debtors' primary assets are several pieces of real property, including Debtors' residence, residential rental properties, and office rental properties. Debtors' debts consist primarily of significant mortgage debt which encumbers all of their properties and substantial unsecured debt, both in the form of medical bills for Mrs. Washington and personal loans taken out by Debtors at various points in time, including at least one dating back to 2001.

## **CONCLUSIONS OF LAW**

UST's Motion was based on Section 1112(b)(1) and (4)(A, F, and J), which provide circumstances in which a debtor's chapter 11 case may be converted to chapter 7 or dismissed. Section 1112(b)(1), in relevant part, provides:

> On request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

Section 1112(b)(4) provides a nonexhaustive list of situations constituting cause for conversion or dismissal, including:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; . . .
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; . . .
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court; . . . .

11 U.S.C. § 1112(b)(4)(A, F, J).

This Court has previously held:

> If cause for dismissal or conversion to Chapter 7 exists discretion not to dismiss or convert is limited to those instances in which the court makes specific findings that unusual circumstances "establish that the requested conversion or dismissal is not in the best interests of creditors and the estate," or if an objecting party in

interests establishes that the facts of a specific case fall within the confines of § 1112(b)(2).

*In re Broad Creek Edgewater, LP*, 371 B.R. 752, 759 (Bankr. D.S.C. 2007).  Section 1112(b)(2) provides a debtor with the opportunity to avoid conversion or dismissal if he can establish a reasonable likelihood that his plan will be confirmed within a certain period of time.  11 U.S.C. § 1112(b)(2).  However, if the debtor cannot make this showing, the Court's discretion is limited.

## I.

UST first argues that the financial information Debtors have presented in their disclosure statement and monthly operating reports indicate the absence of any likelihood for rehabilitation. Debtors respond that their income has increased significantly since the filing of the case, as evidenced by their disclosure statement and most recent monthly operating report, and that they are now able to present a confirmable plan.  Section 1112(b)(4)(A) has two prongs: continuing loss or diminution of the estate and the absence of a reasonable likelihood for rehabilitation.

Debtors' disclosure statement indicates that Debtors' plan will be funded from several sources: rental income from Debtors' rental properties, Mrs. Washington's military pay, income from Mrs. Washington's current employment with a telemarketing firm, and income from CPI. Debtors admit that the feasibility of their plan and their ability to fund it depend entirely upon these sources of income.

Debtors' disclosure statement indicates that Debtors have decided Mr. Washington should spend more time pursuing his various business endeavors, and Debtors allege that this has resulted in an increase in monthly income.  In fact, Debtors' most recent monthly operating report shows higher income than previous operating reports.  Mr. Washington testified that he has laid off CPI's employee to reduce costs.  In addition, Mr. Washington testified that he had

the prospect of several new leases for his rental properties, some at increased amounts of rent. All of these factors indicate that Debtors are trying to make their plan work.

On the other hand, many of these factors also cause the Court concern. CPI now has no employees, and Mr. Washington is operating CPI by himself. Mr. Washington claimed in testimony that CPI could not be profitable without his efforts to develop new business; the Court believes that Mr. Washington's efforts to handle the ordinary daily operation of CPI detract from his developing new business. Additionally, Debtors' disclosure statement indicates that Debtors have several tenants who have not been paying rent and that Debtors have commenced eviction proceedings against these tenants. After these tenants are evicted, Debtors will be left with eight empty offices. Debtors admit that they will likely not recover the money owed by previous tenants, and while Mr. Washington testified that he has new tenants for these buildings, he has previously testified concerning potential new tenants who failed to take occupancy and pay rent. Finally, Debtors' schedules indicate a long history of financial difficulties, beginning several years prior to Mrs. Washington's health problems. While Debtors appear to allege these health problems, which began in December 2008, were the trigger of their financial troubles, Debtors' schedules show substantial debt dating back to 2001, including numerous personal loans taken out prior to 2008.

Debtors' financial woes continue and the estate continues to operate at a loss if all operating expenses and mortgage obligations are paid. It does not appear that Debtors have a realistic prospect of reorganizing their financial affairs. As a result, the Court finds that cause to dismiss or convert has been established pursuant to section 1112(b)(4)(A).

## II.

UST next argues that Debtors' chapter 11 case should be dismissed due to Debtors' failure to satisfy filing and reporting requirements. Debtors are current on required filings and fees at this time. However, Debtors repeatedly failed to file monthly operating reports in a timely manner. In fact, the only monthly operating reports that were filed on time were for the months of May, July, and August. Mr. Washington testified that the late filings were due to a problem with his accountant and that the problem with late filings will not persist since he now plans to complete and file all monthly operating reports himself. The problem is that the report Mr. Washington prepared and filed is not thorough and complete. The report does not reconcile with the bank statements, and expenses reflected in the bank statements do not match those in the report.

Additionally, payments of quarterly fees have not been timely. Mr. Washington testified that these payments were late because of CPI's cash flow issues. As noted above, Debtors' fees are current at the present time. However, questions remain concerning the accuracy of Debtors' receipts and the adequacy of the quarterly fee calculations to date. UST established through testimony numerous examples of deficiencies and improprieties in Debtors' monthly operating reports, including unexplained payments, unlisted expenses, payment of professionals without court approval, and commingling of business and personal funds.

Debtors have proven throughout the course of their chapter 11 case an inability to comply with filing and reporting requirements; however, the reports and fees are now current and there is no present cause under section 1112(b)(4)(F).

## III.

UST last argues that Debtors' failure to file an acceptable disclosure statement and plan within the first 180 days of Debtors' chapter 11 case constitutes cause for dismissal or conversion. Section 1121 establishes a period of exclusivity within which only the debtor may file a plan. 11 U.S.C. § 1121. However, if the debtor's plan is not accepted within 180 days, any party may propose a plan. 11 U.S.C.§ 1121(c)(3). The Court's local rules impose a deadline of 180 days for filing a plan. *See* SC LBR 3016-1(a). Debtors did not file their first plan until almost six months after the filing of their chapter 11 petition. That plan was not confirmed. The continuing financial difficulties experienced by Debtors and their reporting problems suggest that the present plan will not be confirmed. One confirmation requirement is that reorganization will not likely be followed by liquidation. *See* 11 U.S.C. § 1129(a)(11). The Court is not satisfied that Debtors will be successful in meeting all the requirements for confirmation. Debtors failed to file a plan and disclosure statement within the time fixed by the local rules, and the present plan is not confirmable. Cause for conversion or dismissal exists under section 1112(b)(4)(J).

## IV.

Once the court finds that cause to dismiss or convert exists, the court must determine whether dismissal or conversion is in the best interests of the creditors and estate. *In re Broad Creek,* 371 B.R. at 759 (citing *In re Superior Siding*, 14 F.3d 240, 243 (4th Cir. 1994)). In Debtors' case, although the Debtors own several rental properties, these properties are heavily encumbered, most with two mortgages, and are worth less than the debt encumbering the property. As a result, Chapter 7 liquidation would likely produce little to no benefit to creditors

and the estate.    The Court finds that it is in the best interest of Debtors' creditors and estate to dismiss Debtors' chapter 11 case.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**09/24/2010**



Entered: 09/27/2010

David R. Duncan
US Bankruptcy Judge
District of South Carolina